1

**HON. BENJAMIN H. SETTLE**

2

3

4

5

6

7
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

8

| | |
|---|---|
| R.R.; G.J.; R.G.; all others similarly situated; and DISABILITY RIGHTS WASHINGTON, | NO. 3:17-CV-05080-BHS |
| Plaintiffs, | |
| v. | (REVISED PROPOSED) ORDER GRANTING FINAL APPROVAL OF SETTLEMENT AGREEMENT, APPOINTING CLASS COUNSEL, AND AWARDING ATTORNEYS' FEES AND COSTS |
| WASHINGTON STATE DEPARTMENT OF SOCIAL AND HEALTH SERVICES; PATRICIA LASHWAY, in her official capacity as Acting Secretary of the Department of Social and Health Services; SPECIAL COMMITMENT CENTER; WILLIAM VAN HOOK, in his official capacity as Chief Executive Officer of Special Commitment Center, | |
| Defendants. | **Noted for Consideration: July 12, 2017** |

9

10

11

12

13

14

15

16

17

18

### I.    BACKGROUND

19
1.    On February 22, 2017, following the submission of a Joint Motion for Preliminary

20
Approval, Dkt. No. 2, along with a proposed Settlement Agreement, Dkt. No. 8, Appendix 1, this

21
Court preliminarily approved a Settlement Agreement between the Plaintiffs and the Defendants.

22
Dkt. No. 12.

23

(REVISED PROPOSED) ORDER GRANTING FINAL APPROVAL
OF SETTLEMENT AGREEMENT, APPOINTING CLASS COUNSEL,
AND AWARDING ATTORNEYS' FEES AND COSTS - 1
Case 17-CV-05080-BHS

Disability Rights Washington
315 5th Avenue South, Suite 850
Seattle, Washington  98104
(206) 324-1521 · Fax: (206) 957-0729

2.      In the Order, the Court authorized a class notice plan proposed by the parties. Dkt. No. 12, ¶ 4. The Order also provided that class members who wished to comment or object to the proposed Settlement Agreement to do so by April 14, 2017. Dkt. No. 12, ¶ 6-7. Class members were informed of their rights, and of this deadline, in the class notice as well as during the group trainings provided by class counsel. Dkt. No. 15.

3.      The Court's Order further scheduled a final settlement hearing for May 2, 2017, to consider objections and comments by class members and to determine whether the proposed agreement is fair, reasonable, and adequate, and should be approved by the Court. Dkt. No. 12, ¶ 5.

4.      At the May 2, 2017 hearing eight residents offered comments to the court. Based on those comments the Court instructed the parties to meet with these residents to discuss their concerns and to submit a report to the court outlining these discussions. Dkt. No. 20.

5.      On May 4 and May 8, 2017, counsel for both parties met with nine residents at the SCC. A report summarizing these meetings was submitted to the Court on May 19, 2017. Dkt. No. 21.

6.      On June 21, 2017 the parties appeared before the Court to discuss the report and address procedural aspects of the proposed Settlement Agreement. The parties thereafter came to agreement on language for two amendments to the proposed Settlement Agreement in this matter. Those amendments were set forth in a Supplemental Agreement, to be incorporated with the terms of the Settlement Agreement. Dkt. No. 24.

7.      As directed by the Court, the parties completed additional class notice with respect to the new provisions of the Supplemental Agreement, including posting on the unit, mailing to class members, and a group training at the SCC. Dkt. No. 25.

(REVISED PROPOSED) ORDER GRANTING FINAL APPROVAL
OF SETTLEMENT AGREEMENT, APPOINTING CLASS COUNSEL,
AND AWARDING ATTORNEYS' FEES AND COSTS - 2
Case 17-CV-05080-BHS

Disability Rights Washington
315 5th Avenue South, Suite 850
Seattle, Washington  98104
(206) 324-1521 · Fax: (206) 957-0729

8.     On July 12, 2017 the Court held a final conference on the matter via video conference and took additional comments from SCC residents at that time.

## II.     FINDINGS

9.     The parties have reached a settlement that provides for comprehensive reform to the treatment provided to Special Commitment Center (SCC) residents with serious mental illness, intellectual or developmental disabilities, traumatic brain injuries, and other cognitive conditions. The Settlement Agreement establishes that class members will be provided with individualized and appropriate treatment at the SCC. The Settlement Agreement directs that class members be provided with adequate medical, psychiatric, nursing, and rehabilitative care in a therapeutic milieu similar to that in the habilitative mental health units at the state psychiatric hospitals. Such individualized treatment includes the use of positive behavioral support plans and discharge planning. The Settlement Agreement also directs that the SCC will strictly limit the use of restraint and seclusion, as well as other behavioral restrictions.

10.     The Settlement Agreement also establishes a three-expert panel to provide technical assistance and evaluate compliance with the terms of the Settlement Agreement. It further establishes quarterly data reporting and meetings between class counsel and Defendants, as well as ongoing monitoring by class counsel.

11.     The agreement also provides Defendants will pay class counsel attorneys' fees in the amount of $245,827.43, as well as monitoring costs in the amount of $42,000 per year. No class members will be responsible for the payment of attorneys' fees or costs. No class member objected to the amount of the fees or costs. Dkt. No. 15, ¶ 12.

(REVISED PROPOSED) ORDER GRANTING FINAL APPROVAL
OF SETTLEMENT AGREEMENT, APPOINTING CLASS COUNSEL,
AND AWARDING ATTORNEYS' FEES AND COSTS - 3
Case 17-CV-05080-BHS

Disability Rights Washington
315 5th Avenue South, Suite 850
Seattle, Washington  98104
(206) 324-1521 · Fax: (206) 957-0729

12.     The agreement also releases Defendants from any and all claims for injunctive or declaratory relief related to the facts and claims raised in the complaint. Dkt. No. 8, Appendix 1, Section II (B)(2).

13.     The Court's Order granting preliminary approval and approval of class notice required the parties to complete class notice as set forth in the Settlement Agreement. Dkt. No. 12, ¶ 4; Dkt. No. 8, Appendix 1, Section I, (B)(3)(c).  Class counsel submitted a declaration, certifying class counsel's notification process on April 14, 2017. Dkt. No. 15.  Defendants submitted a declaration regarding class notification on April 21, 2017. Dkt. No. 17.

14.     Three written comments were received by class counsel in advance of the fairness hearing; none of those comments objected to the terms of the Settlement Agreement. Dkt. No. 15, Exhibit C-D; Dkt. No. 16, Exhibit A.

15.     At a May 2, 2017 fairness hearing eight residents offered comments. In response to those comments, counsel for the parties met with residents to discuss their concerns, outlining those conversations in a joint report to the Court. Dkt. No. 21.

16.     On June 22, 2017 the parties appeared before the Court and executed a Supplemental Agreement, which amended Section II(d)(1)(d) of the Settlement Agreement, Dkt. No. 24; the parties completed an additional class notice process on these new provisions. Dkt. No. 25.

17.     On July 12, 2017 the Court conducted a final hearing via video conference, with counsel for the parties and SCC residents in attendance.

### III.     CONCLUSIONS

18.     Federal Rule of Civil Procedure 23(e) provides that "a class action shall not be dismissed or compromised without the approval of the court…." Compromise and arbitration of

(REVISED PROPOSED) ORDER GRANTING FINAL APPROVAL
OF SETTLEMENT AGREEMENT, APPOINTING CLASS COUNSEL,
AND AWARDING ATTORNEYS' FEES AND COSTS - 4
Case 17-CV-05080-BHS

Disability Rights Washington
315 5th Avenue South, Suite 850
Seattle, Washington  98104
(206) 324-1521 · Fax: (206) 957-0729

complex litigation is encouraged and favored by public policy. *See Simula, Inc. v. Autoliv, Inc.*, 175 F.3d 716, 719 (9th Cir. 1999).

19.    A presumption of fairness and adequacy attaches to a class action settlement reached in arm's-length negotiations by experienced class counsel after meaningful discovery. *See, e.g., Officers for Justice v. Civil Service Com.,* 688 F.2d 615, 625 (9th Cir. 1982); *Pickett v. Holland Am. Line-Westours, Inc.*, 145 Wn.2d 178, 209, 35 P.3d 351 (2001).

20.    The following factors are generally considered when determining whether a settlement is fair, adequate and reasonable: the likelihood of success by plaintiffs; the amount of discovery or evidence; the settlement terms and conditions; recommendation and experience of counsel; future expense and likely duration of litigation; recommendation of neutral parties, if any; number of objectors and nature of objections; and the presence of good faith and absence of collusion. *Officers for Justice,* 688 F.2d at 625.

21.    Based upon these factors, the Court finds that the Settlement Agreement is fair, reasonable, and in the best interests of the class. The requirement of FRCP 23 and due process have been satisfied.

22.    Specifically, the Court concludes that the Settlement Agreement was the result of arm's-length bargaining. It was reached after extensive investigation by class counsel and negotiation between the parties. Although the class had a strong likelihood of success, a settlement that results in comprehensive changes to the SCC's treatment program for Plaintiffs and members of the class achieves the goals of the litigation. There is no evidence of collusion between the parties, and the agreement was reached in good faith.

(REVISED PROPOSED) ORDER GRANTING FINAL APPROVAL
OF SETTLEMENT AGREEMENT, APPOINTING CLASS COUNSEL,
AND AWARDING ATTORNEYS' FEES AND COSTS - 5
Case 17-CV-05080-BHS

Disability Rights Washington
315 5th Avenue South, Suite 850
Seattle, Washington  98104
(206) 324-1521 · Fax: (206) 957-0729

23.     The class was provided with adequate notice, and due process has been satisfied in connection with the distribution of the notice. There were no objections to the terms of the Settlement Agreement.

## IV.    ATTORNEYS' FEES AND LITIGATION COSTS

24.     As permitted by the Settlement Agreement, class counsel have sought an award of attorneys' fees. That request is granted, and the Court awards $245,827.43 as attorneys' fees to be paid by Defendants, as well as monitoring costs in the amount of $42,000 per year, as described in Section II (E) of the Settlement Agreement. Dkt. No. 8, Appendix 1.

25.     No objections to class counsel's fee request were received from the class.

26.     Upon the occurrence of the conditions set forth in Section I (B) of the Settlement Agreement, and within 90 days from entry of this Order if no appeal is taken, Defendants shall pay the award of attorneys' fees and costs to class counsel.

## V.    ORDER

It is hereby ORDERED that:

1.     The Settlement Agreement, Dkt. No. 8, Appendix 1, along with the Supplemental Agreement, Dkt. No. 24, is approved as fair, reasonable and adequate under FRCP 23, and its terms shall bind class members.

2.     Class counsel is awarded fees and costs as set forth above.

3.     The parties to the Settlement Agreement and the Supplemental Agreement shall perform all of their obligations thereunder. The Court shall retain jurisdiction over this matter until the agreement is terminated, pursuant to Section II (D) of the Settlement Agreement.

(REVISED PROPOSED) ORDER GRANTING FINAL APPROVAL
OF SETTLEMENT AGREEMENT, APPOINTING CLASS COUNSEL,
AND AWARDING ATTORNEYS' FEES AND COSTS - 6
Case 17-CV-05080-BHS

Disability Rights Washington
315 5th Avenue South, Suite 850
Seattle, Washington  98104
(206) 324-1521 · Fax: (206) 957-0729

It is so ORDERED this _____ day of July, 2017.


_____
Hon. Benjamin H. Settle
United States District Judge


Presented by:

**DISABILITY RIGHTS WASHINGTON**

 /s/ David Carlson
/s/ Rachael Seevers
 /s/ Anna Guy
David R. Carlson, WSBA No. 35767
Rachael Seevers, WSBA No. 45846
Anna Guy, WSBA No. 48154


**CARNEY GILLESPIE ISITT PLLP**

 /s/Christopher Carney
 /s/Sean Gillespie
 /s/Kenan Isitt
Christopher Carney, WSBA No. 30325
Sean Gillespie, WSBA No. 35365
Kenan Isitt, WSBA No. 35317
600 First Avenue, Suite LL08
Seattle, WA  98104
(206) 445-0220

**Attorneys for Plaintiffs**

(REVISED PROPOSED) ORDER GRANTING FINAL APPROVAL
OF SETTLEMENT AGREEMENT, APPOINTING CLASS COUNSEL,
AND AWARDING ATTORNEYS' FEES AND COSTS - 7
Case 17-CV-05080-BHS

Disability Rights Washington
315 5th Avenue South, Suite 850
Seattle, Washington  98104
(206) 324-1521 · Fax: (206) 957-0729